## Flowers v. Becker et ux.

*Paul A. Kunkel*, for appellant.

HARGEST, P. J., January 22, 1934.—This case comes before us upon exceptions in certiorari to the record of the alderman.

This record is so deficient that it cannot support a judgment. Some of these deficiencies have not been pointed out by exception, but they are too flagrant to be allowed to pass unnoticed.

The summons was issued June 12, 1933, returnable June 16, 1933. Under section 2 of the Act of March 20, 1810, 5 Sm. L. 161, a summons is returnable "not more than eight, nor less than five days" after the date of the summons.

In Wilver v. Keim, 8 D. & C. 56, this court, after extended examination, declared that in the calculation both terminal days are to be excluded. By somewhat of a coincidence in dates, the summons in that case was issued June 11th, returnable June 16th, which period, we held, was too short. Certainly, then, a summons issued in this case June 12th, made returnable June 16th, allowed insufficient time and did not give the justice jurisdiction. It is time that the magistrates of this county understood that a summons, except in the case of a nonresident, must be returnable after 5 full days.

A separate summons was issued for each of the defendants. The copies returned do not show that the constable served either of them. The alderman recites on his record that the constable "served on defendant . . . by handing a true attested copy of the original summons to her", but no authority appears for the alderman to make such a declaration of record, because the return of the constable does not show a service on either of the defendants.

Moreover, while the record shows that the "demand is for money due and owing", it does not show whether there was a contract, oral or written, or whether the suit was for a specific sum reserved in the contract or on a quantum meruit.

For these reasons, the judgment of the alderman must be set aside.

Now, January 22, 1934, the exceptions to the certiorari are hereby sustained, the judgment of the alderman is reversed, and judgment directed to be entered in favor of the defendants at the cost of the plaintiff.

From Homer L. Kreider, Harrisburg, Pa.